1  KATHY A. DOCKERY
   CHAPTER 13 TRUSTEE
2  801 S. FIGUEROA ST. STE. 1850
   LOS ANGELES, CA 90017
3  PHONE: (213) 996-4400
   FAX: (213) 996-4426
4

5
                    UNITED STATES BANKRUPTCY COURT
6
                    CENTRAL DISTRICT OF CALIFORNIA
7
                         LOS ANGELES DIVISION
8

9
   IN RE:                              Case No.: 2:25-bk-14427-DS
10                                     Chapter: 13

11                                     **TRUSTEE'S OPPOSITION TO CREDITOR
                                       WILMINGTON TRUST, NA MOTION FOR
12 Johanna Lisbeth Charley              RELIEF FROM THE AUTOMATIC STAY**

13
                                       DATE:      10/21/25
14                                     TIME:      1:00 PM
                                       PLACE:     ROYBAL BUILDING
15                                                255 E. Temple St.
                                                  Courtroom 1639 - 16th Floor
16                                                Los Angeles, CA 90012

17              DEBTOR(S).

18

19 TO THE HONORABLE DEBORAH J. SALTZMAN, CREDITOR WILMINGTON TRUST, NA ,
   DEBTOR(S) AND ALL OTHER PARTIES IN INTEREST:
20

21      PLEASE TAKE NOTICE that the Chapter 13 Trustee Kathy A. Dockery hereby opposes the

22 Creditor WILMINGTON TRUST, NA ("Creditor") Motion for Relief from the Automatic Stay

23 ("Motion") filed on 9/23/25 Docket Entry No. 39.

24      This opposition is based on the grounds that the Chapter 13 Trustee will file a motion to

25 modify the plan terms or file a stipulation to cure the post-petition mortgage payment delinquency

26 through the plan and, if feasible, will provide for the Trustee to be the designated agent for

27 disbursement of all remaining ongoing mortgage payments. To provide for a reasonable period of

28

time for the parties to discuss the proposed plan modifications in detail, the Trustee requests that the hearing for the Motion be continued for approximately 30 days.

    This opposition is based on the memorandum of points and authorities filed herein, the Declaration of Akihito Koyama and any oral argument presented at the hearing on the Motion.

    Pursuant to Local Bankruptcy Rule 3015-1(f)(2), any reply to this opposition must be filed with the court and served on this opposing party not later than 7 days prior to the hearing on the motion.

DATED: 9/30/25

                                          _____
AKIHITO KOYAMA, STAFF ATTORNEY
FOR CHAPTER 13 TRUSTEE
KATHY A. DOCKERY

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **THE DEBTOR SHOULD NOT CONTINUE TO BE THE AUTHORIZED AGENT FOR DISBURSEMENT OF ONGOING MORTGAGE PAYMENTS AFTER DEFAULT OF THIS OBLIGATION.**

As provided in the Creditor's Motion, the Debtor(s) has defaulted on the duty to timely pay the ongoing mortgage obligation.  The Debtor(s) has been provided with an adequate and fair opportunity to fulfill this obligation and with the default, the obligation should now pass on to the Trustee as the authorized agent for disbursement of ongoing mortgage payments under the plan.

Payments made by a debtor directly to a creditor are payments under the Plan.  "[A] chapter 13 debtor's direct payments to creditors, if provided for in the plan, are 'payments under the plan'" In re Mrdutt, 600 B.R. 72, 81 (9th Cir. BAP 2019).  While Mrdutt discussed § 1328 and § 1329, the court found no material difference in the use of the term "under the plan" for the purposes of these provisions.  Id.  Likewise, no such material difference exists in the application of that term in § 1326(a) and (c).

The provisions of the Bankruptcy Code by default require that the Trustee be the disbursing agent for all payments to be made under the Plan, unless the Plan or order confirming the Plan otherwise provide, or the Court orders otherwise.  11 U.S.C. § 1326(a) and (c).  "[11 U.S.C.] § 1326[(c)] also `makes it clear that the Chapter 13 trustee is normally to make distributions to creditors of the payments made under the plan by the debtor.'" Matter of Foster, 670 F.2d 478, 486 (5th Cir. 1982).  The Trustee shall make payments to creditors under the Plan unless otherwise provided in the Plan or the order confirming the Plan.  11 U.S.C. § 1326(c).  The burden is on the debtor to establish that they should be the disbursing agent.  Debtors do not have an absolute right to make direct payments to creditors on unimpaired claims.  In re Giesbrecht, 429 B.R. 682, 690 (9th Cir. BAP 2010).  "[B]ankruptcy courts have been afforded the discretion to make the determination of when direct payments may or may not be appropriate based upon the confirmation requirements of § 1325, policy reasons, and the factors set forth by case law, local rules or guidelines." Giesbrecht, at 690 (*citing* In re Lopez, 372 B.R. 40, 46 (9th Cir. BAP 2007).

## II. THE DEBTOR CAN CURE A POST-CONFIRMATION MORTGAGE ARREARAGE BY MODIFICATION OF THE PLAN.

In the instant case, the Debtor must cure the post-confirmation default set forth in the Creditor's Motion in order to preserve the automatic stay. The Trustee will file a motion to modify the plan to provide for cure of the default amount through the remaining months of the plan. The majority of courts have held that a debtor may cure a post-confirmation mortgage payment arrearage through modification of the plan.:

In holding that the debtor can modify a plan to cure a post-petition mortgage payment arrearage, the *In re: Garcia* court states as follows:

"Courts adopting a plain meaning reading of *section 1322* have concluded that curing post-petition arrears is permissible. See *Hoggle, 12 F.3d 1008*; *Mendoza, 111 F.3d at 1268* (finding the Eleventh Circuit's decision in Hoggle "better reasoned and persuasive" than decisions reaching the opposite outcome). Specifically, these courts analyzed the plain meaning of *section 1322(b)(5)* to "expressly authoriz[e]" a timely cure for any **default**, whether it falls within the pre-petition or post-petition period and "notwithstanding anti-modification language." *Hoggle, 12 F.3d at 1010*; *Mendoza, 111 F.3d at 1268*. This approach emphasizes Congress's omission of any limiting language, such as language curing only pre- petition **defaults**, within *subsection (b)(5)*. *Hoggle, 12 F.3d at 1010* ("The omission is significant."). Therefore, both Hoggle and Mendoza concluded the plain meaning of *section 1322(b)(5)* allows post-petition arrears to be **[\*\*12]** cured under a modified **plan**. Id.; *Mendoza,111 F.3d at 1265*." In re Garcia 631 B.R. 374 at 380 (Dist. of New Jersey Bankr. 2021)

Similarly, the *In re: Bellinger* court, in holding that a plan may be modified to cure a post-confirmation mortgage payment arrearage, adopts the reasoning and holding of the *In re: Hoggle* decision from the 11th Circuit Court of Appeals as follows:

"In, *In re Hoggle,* the Court of Appeals for the Eleventh Circuit concluded the plain meaning of subsections 1322(b)(2) and (b)(5) as well as the legislative history support the conclusion that 1322(b)(5) permits a debtor to include post-confirmation arrearage in a modified Chapter 13 plan . . ." *In re: Bellinger* 179 B.R. 220 at 223 and " [t]he majority of the other courts considering the Issue

have held section 1329(a) and 1322(b)(2) and (5) permit modification of a chapter 13 plan to include post-confirmation arrearage." *Id*. at 224.

### III. CONCLUSION

Based on the foregoing legal authority and for cause, the Trustee requests a 30 day continuance of the hearing to permit the Trustee, Creditor and Debtor to discuss the terms of modification of the plan to provide for the Trustee to be delegated the task of disbursing all future ongoing mortgage payments and for cure of the post-confirmation mortgage payment arrearage through the remaining term of the chapter 13 plan.  Furthermore, the Trustee requests that she be included as a party in any adequate protection agreement and order that is filed with the court.

DATED: 9/30/25

_____
AKIHITO KOYAMA, STAFF ATTORNEY FOR
CHAPTER 13 TRUSTEE KATHY A. DOCKERY